**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| WESLEASE 2018 OPERATING, LP, | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | No. 4:20-cv-00776-P |
| INNOVATIVE SAND SOLUTIONS, LLC, et | § | |
| al., | § | |
|     Defendants. | § | |
| | § | |
| | § | |

**JUDGMENT FORECLOSING HAROLD GILLIAM'S DEED OF TRUST**
**LIEN TO FACILIATE THE SALE OF LAND**

On December 19, 2024, in Fort Worth, Texas came on for consideration the *Joint Motion to Intervene by Harold Gilliam and the Receiver and for Entry of Judgment of Foreclosure* ("Foreclosure Motion")[ECF no. 260]. The Foreclosure Motion was filed to facilitate the sale of certain real property pursuant to the *Receiver's Motion to Sell Land Free and Clear, Authorize Judicial Foreclosure of Certain Liens, Distribute Sales Proceeds, and Other Associated Relief* ("Sale Motion")[ECF no. 258], as supplemented [ECF no. 277]. Defined terms in this Order are given the same meaning as in the Foreclosure Motion and the Sale Motion.

At the hearing, on the Foreclosure Motion, the following parties appeared: (a) the Receiver, in person and through counsel, (b) Harold Gilliam ("Gilliam"), in person and through counsel, (c) Pinnacle Bank through counsel, (d) Amarillo National Bank through counsel, and (e) the Meroe Trust also through counsel (who was denied leave to intervene in a separate order).

With regard to the Foreclosure Motion and the judicial foreclosure by Gilliam of the Gilliam Deed of Trust, the Court finds that:

i.      The Court has granted the Sale Motion. Reference is here made to the Sale Motion for all purposes. This Judgment is entered pursuant to, and to facilitate, the Sale Motion.

ii.       Harold Gilliam has been granted leave to intervene, but only for the purposes as set forth in the Sale Motion.

iii.      The Foreclosure Motion relates to the foreclosure of the Gilliam Deed of Trust which covers certain Land located in Hood County, Texas, and which is described in an exhibit attached to the Sale Motion.  The legal description of the Land subject to this Foreclosure Motion is attached as **<u>Exhibit "A,"</u>** to which reference is made for all purposes.  The Gilliam Deed of Trust was recorded on November 17, 2020, and recorded as Document No. 2022-00017951 in the Official Real Estate Property Records of Hood County, Texas.

iv.      The Land is part of the Receivership Property and the Receivership Estates (as such terms are defined in the Receiver Order).  As such, the Land is held in *custodia legis* by this Court and is subject to this Court's exclusive *in rem* jurisdiction.

v.       This Court's exclusive *in rem* jurisdiction empowers it to adjudicate and effectuate all rights and interests held in the Land by any person on an *in rem* basis.  This includes the foreclosure of the lien granted in the Gilliam Deed of Trust which encumbers the Land.

vi.      The Foreclosure Motion should be granted, although subject to the limitations as set forth in the Foreclosure Motion and in the Sale Motion.  The foreclosure of the Gilliam Deed of Trust is only effective to facilitate the sale of the Land in accordance with the Sale Motion.

**ACCORDINGLY**, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

1.       The Foreclosure Motion is hereby **GRANTED**.

2.       The lien pursuant to the Gilliam Deed of Trust is hereby judicially foreclosed.  By virtue of such foreclosures, the title to the Land, both legal and equitable, shall be vested in the

Buyer as the purchaser of the Land identified in the Sale Motion free and clear each of the Encumbrances, but subject to the Title Exceptions.

3.      The Land shall be sold free and clear of the following liens and interests which collectively constitute the "**Encumbrances**" as defined in the Motion:

a)      A deed of trust dated March 16, 2015, but recorded on April 7, 2015 executed by River North Farms, and recorded as Document No. 2015-0003136 in the Official Records of Hood County, Texas;

b)      A deed of trust dated March 16, 2015, filed on August 21, 2015, and recorded as Document No. 2015-0008693 in the Official Records of Hood County, Texas, executed by River North Farms to secure the payment in the original principal amount of $2.0 million payable to the order of Ridglea Bank, a branch of Woodhaven National Bank, and which is now held by Pinnacle Bank, and which has been renewed and extended as follows:

i.      By an instrument recorded as Document No. 2018-0004392 of the Real Estate Property Records of Hood County, Texas; and

ii.      By an instrument recorded as Document No 2020-0003277 of the Official Records in Hood County, Texas.

c)      A deed of trust dated February 27, 2020 and recorded as Document No. 2020-0003006 in the Official Records of Hood County, Texas executed by River North Farms securing the payment of the promissory note in the original principal amount of $2.5 million payable to Pinnacle Bank;

d)      A Subordination Agreement among Pinnacle Bank, Hermitage Newark, LLC, and River North Farms, Inc., recorded as Document No. 2020-0003005 in the Official Records of Hood County, Texas;

e)      A deed of trust filed on November 17, 2022 and recorded as Document No. 2022-0017951 in the Real Estate Property Records of Hood County, Texas executed by River North Farms securing the payment of the promissory note in the original principal amount of $200,000 payable to Gilliam;

f)      An Abstract of Judgment in favor of ANB filed March 17, 2022 and recorded as Document No. 2022-0004470 in the Official Records of Hood County, Texas; and

g)      A Texas General Warranty Deed (referred to in the Motion as the "Meroe Deed"), executed by Dale Behan to an unspecified grantee executed on or about May 20, 2024, but recorded on October 25, 2024 as Document No. 2024-001448 in the Official Records of Hood County, Texas.

All rights and liens held by both Pinnacle Bank and Gilliam in or against the Land and are included in the Encumbrances.

4.      The term "Title Exceptions" includes the following:

a)      Property taxes for tax years 2024 and earlier;

b)      The rights reflected in a Memorandum of Oil & Gas Lease dated as of January 30, 2006, among Kathrine Campos, f/k/a Karin J. Barner, as Lessor, and Quicksilver Resources, Inc., as lessee, and recorded at Volume 1996 at page 0316 et. seq. of the Real Estate Property Records of Hood County, Texas; and

c)      Other matters of record, including those reflected in Schedule B to the Title Commitment.

5.      This Foreclosure Judgment shall only be effective for the purpose of facilitating the sale of the Land pursuant to the Sale Motion, and may not be used or enforced, and shall not be effective, for any other purpose.

6.      The Court retains jurisdiction to enforce and construe this Judgment.

7.      This Judgment constitutes a final, appealable judgment.

8.      This Judgment shall be effective for all purposes immediately upon entry and

shall not be subject to any stay.

**SO ORDERED** on this **3rd day of February 2025.**


Mark T. Pittman
UNITED STATES DISTRICT JUDGE

# Exhibit "A"



P.O. Box 626
Rio Vista, TX 76093
Phone 817—373—3338
Website: buffalocreeksurveyor.com
Emails:
info@buffalocreeksurveyor.com
Firm License Number
10116000

South 80 degrees 19 minutes 50 seconds East, leaving Pointer Branch, a distance of 138.38 feet to a 6 inch wood fence post for a corner;

THENCE   North 23 degrees 04 minutes 27 seconds East, a distance of 265.46 feet to a capped (stamped "2KC 5133") 5/8 iron rod found for a corner;

THENCE   North 42 degrees 35 minutes 44 seconds East, along a fence line, a distance of 1710.92 feet to a 4"x4" concrete monument found for a corner;

THENCE   North 01 degrees 04 minutes 28 seconds West, along a fence line, a distance of 3182.58 feet to a to a capped (stamped "2KC 5133") 5/8 iron rod found for a corner;

THENCE   South 89 degrees 38 minutes 35 seconds West, in and out with fence line, a distance of 3521.55 feet to the POINT OF BEGINNING and containing 460.40 acres of land more or less as surveyed on the ground by Buffalo Creek Surveyor LLC., under the direct supervision of Joe Davis Ballard RPLS No. 5614.

## SURVEYOR'S CERTIFICATION

I, Joe Davis Ballard, Registered Professional Land Surveyor number 5614, do hereby certify that a survey was made on the ground, under my supervision, on the 18th of December of 2024, of the property herein described, and do declare there are no conflicts of overlapping of improvements or possession known to me except as shown.



_____
REGISTERED PROFESSIONAL LAND SURVEYOR
TEXAS REGISTRATION NO. 5614

Sheet 4 of 4



Property Description

Being all of those certain tracts of land being a called 449.965 acre tract of land conveyed to River North Farms Incorporated by the deed recorded in Volume 2180, Page 61, of the Official Public Records of Hood County, Texas, and being conveyed to Weslease 2018 Operating LP by the Quitclaim Deed recorded in Instrument No. 2024—04617,of the Official Public Records of Hood County, Texas, and a 5.029 acre tract of land surveyed by Surveying Texas Land,now known as Buffalo Creek Surveyor LLC.,and a 0.350 acre tract of land conveyed to River North Farms Incorporated by the Instrument No. 2011—0694, of the Official Public Records of Hood County, Texas,and being more particularly described by metes and bounds as follows:

BEGINNING  at a capped (stamped "RPLS 5614") 1/2 inch iron rod found, replacing the 4"x4" concrete monument called out as the original marker;

THENCE GENERALLY ALONG A FENCE LINE AND A SOUTHEASTERLY LINE OF BOUNDARY AND OF AN ACCESS ROAD AS FOLLOWS:
North 62 degrees 11 minutes 38 seconds East, a distance of 713.20 feet to a railroad spike found;

North 57 degrees 19 minutes 54 seconds East, a distance of 541.53 feet to a 1/2 inch iron rod found;

North 55 degrees 44 minutes 41 seconds East, a distance of 231.82 feet to a 1/2 inch iron rod found;

North 55 degrees 59 minutes 06 seconds East, a distance of 457.61 feet to a 1/2 inch iron rod found;

North 56 degrees 11 minutes 09 seconds East, a distance of 309.86 feet to a 1/2 inch iron rod found;

THENCE ALONG THE BOUNDARY OF SAID 0.35 ACRE TRACT AS FOLLOWS:

North 58 degrees 38 minutes 52 seconds East, a distance of 233.33 feet to a capped (stamped "RPLS 5614") 1/2 inch iron rod found for a corner and the beginning of a curve to the right having a radius of 307.34 feet;

THENCE along said curve, a chord bearing of North 82 degrees 27 minutes 49 seconds West, a chord distance of 333.18 feet, having an arc distance of 352.12 feet to a 1/2 inch iron rod found for a corner;

THENCE   South 40 degrees 52 minutes 28 seconds West, a distance of 303.29 feet to a 1/2 inch iron rod found for a corner;

THENCE GENERALLY ALONG A FENCE LINE AND A NORTHWESTERLY LINE OF BOUNDARY AND OF AN ACCESS ROAD AS FOLLOWS:

South 55 degrees 59 minutes 07 seconds West, a distance of 458.43 feet to a capped (stamped "RPLS 5614") 1/2 inch iron rod found for a corner;

South 55 degrees 42 minutes 43 seconds West, a distance of 226.89 feet to a capped (stamped "RPLS 5614") 1/2 inch iron rod found for a corner;

South 57 degrees 18 minutes 07 seconds West, a distance of 538.64 feet to a capped (stamped "RPLS 5614") 1/2 inch iron rod found for a corner;

South 62 degrees 13 minutes 22 seconds West, a distance of 709.21 feet to a capped (stamped "RPLS 5614") 1/2 inch iron rod found for a corner;

South 60 degrees 39 minutes 49 seconds West, a distance of 100.46 feet to a capped (stamped "RPLS 5614") 1/2 inch iron rod found for a corner;

Sheet 2 of 4

Property Description Continued

South 29 degrees 05 minutes 50 seconds East, a distance of 130.08 feet to a capped (stamped "2KC 5133") 5/8 iron rod found for a corner;

THENCE South 60 degrees 24 minutes 23 seconds West, a distance of 828.16 feet to a 4"X 4" concrete monument found on the bank of the Brazos River for a corner;

THENCE ALONG THE BANK OF THE BRAZOS RIVER AS FOLLOWS:

South 24 degrees 44 minutes 09 seconds East, a distance of 515.75 feet to a point;

South 10 degrees 40 minutes 00 seconds East, a distance of 531.08 feet to a point;

South 05 degrees 57 minutes 01 seconds West, a distance of 2411.64 feet to a point;

South 23 degrees 55 minutes 42 seconds East, a distance of 834.51 feet to a point;

South 46 degrees 27 minutes 30 seconds East, a distance of 544.95 feet to a point;

South 70 degrees 47 minutes 19 seconds East, a distance of 494.41 feet to a point;

South 78 degrees 35 minutes 50 seconds East, a distance of 1763.57 feet to a point found at the mouth of Pointer Branch;

THENCE ALONG THE POINTER BRANCH AS FOLLOWS:

North 05 degrees 57 minutes 56 seconds West, a distance of 222.30 feet to a point;

North 43 degrees 06 minutes 53 seconds West, a distance of 94.79 feet to a point;

North 43 degrees 34 minutes 14 seconds East, a distance of 165.92 feet to a point

South 38 degrees 59 minutes 59 seconds East, a distance of 52.23 to a point;

North 45 degrees 06 minutes 50 seconds East, a distance of 147.33 feet to a point

North 26 degrees 30 minutes 41 seconds West, a distance of 120.11 feet to a point

North 02 degrees 09 minutes 27 seconds East, a distance of 137.17 feet to a point

North 58 degrees 29 minutes 46 seconds West, a distance of 83.33 feet to a point

South 83 degrees 19 minutes 46 seconds West, a distance of 60.30 to a point;

North 06 degrees 55 minutes 14 seconds East, a distance of 101.68 feet to a point

Sheet 3 of 4