**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WESLEASE 2018 OPERATING, LP,** | § | |
| | § | |
| *Plaintiff*, | § | **No. 4:20-cv-00776-P** |
| | § | |
| **v.** | § | |
| | § | |
| **INNOVATIVE SAND SOLUTIONS, LLC,** | § | |
| **et al.,** | § | |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING RECEIVER'S MOTION TO RETURN CERTIFICATE OF TITLE**
**ANCILLARY TO RECEIVERSHIP PROPERTY WITHOUT PREJUDICE TO**
**CREDITOR'S RIGHT TO ASSERT CLAIM AGAINST THE PROCEEDS**

This Order relates to the *Receiver's Motion to Return Certificate of Title Ancillary to Receivership Property Without Prejudice to Creditor's Right to Assert Claim Against the Proceeds* [ECF 611] (the "Motion") seeking the return of the physical title to the RV from Mr. Espinoza to the Receiver. Defined terms in the Motion are given the same meaning in this Order. All section references herein are to the Bankruptcy Code unless otherwise indicated.

After considering the pleadings, evidence, and arguments of counsel at the November 6, 2025 hearing, the Court concludes that the Motion should be granted for the following reasons:

    i.    River North has record title of the 2007 Country Coach RV. Although Mr. Espinoza was given physical possession of the certificate of title to the RV, the RV remains property of River North and, by virtue of the Receivership Order, part of the Receivership Property.

    ii.    The Receiver has authority under the Receivership Order to sell Receivership Property. Therefore, the Receiver has the authority to sell the RV for the benefit of the

Receivership Estate. In order to exercise his obligations under the Receivership Order, the Receiver requires the return of the certificate of title to the RV from Mr. Espinoza.

iii.    The surrender of possession of the certificate of title to the RV shall be without prejudice to any lien which Mr. Espinoza and/or Espinoza Land & Cattle, Inc., may assert against the proceeds arising from the sale of the RV, or any objection to such lien by the Receiver, but he is not entitled to keep possession of the physical title to the RV in connection with the Espinoza Claim.

**ACCORDINGLY**, it is hereby **ORDERED** that:

1.    The Receiver's Motion is hereby **GRANTED** in all respects**.**

2.    Mr. Espinoza and/or Espinoza Land & Cattle, Inc. shall return the certificate of title to the RV to the Receiver within three (3) business days of receiving a copy of this Order (including through e-mail). The certificate of title shall be returned via FedEx or certified mail to the Receiver at the following address:

> Vartabedian Hester & Haynes LLP
> Attn: J. Robert Forshey, Receiver
> 301 Commerce Street, Suite 2200
> Fort Worth, Texas 76102

3.    The return of the certificate of title to the RV does not constitute a waiver of any rights or claims that Mr. Espinoza and/or Espinoza Land & Cattle, Inc. has against the proceeds arising from the sale of the RV by the Receiver.

4.    The Court retains jurisdiction to construe and enforce this Order.

**SO ORDERED** on this **6th day of November 2025.**

*Mark T. Pittman*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE